FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com

DarrasLaw

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:  (909) 390-3770
Facsimile:  (909) 974-2121

Attorneys for Plaintiff
JAMES THOMPSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMPSON,<br><br>       Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>       Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER EMPLOYEE WELFARE BENEFIT PLANS |

Plaintiff alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq*. (hereafter "ERISA") as it involves a claim by Plaintiff for Disability benefits under employee benefit plans regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials.

- 2 -
COMPLAINT

Those avenues of appeal have been exhausted.

3. Plaintiff is informed and believes and thereon alleges that the Massey Services, Inc. Long Term Disability Plan and Massey Services, Inc. Group Life Insurance Plan (collectively, the "Plans") are employee welfare benefit plans established and maintained by Massey Services, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, JAMES THOMPSON ("Plaintiff" and/or "MR. THOMPSON"), with income protection in the event of a disability and is the Plans' Administrator.

4. Plaintiff alleges upon information and belief that Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plans.

5. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant LINA, who fully insured the policies and who is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about November 1, 1956, LINA has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

6. At all relevant times Plaintiff was a citizen of the United States, an employee of Massey Services, Inc., its successors, affiliates and/or subsidiaries, and a participant in the Plans.

7. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number VDT-960646 and group life insurance policy number FLX-0963436 that had been issued by Defendant LINA to Massey Services, Inc. to insure its Plans, and the eligible participants and beneficiaries of the Plans, including Plaintiff.

8. The subject policies promised to pay Plaintiff monthly long term disability

("LTD") benefits and waive life insurance premiums for a specified period of time should he become disabled. Therefore, LINA both funds and decides whether claimants will receive benefits under the Plans and as such suffers from a structural conflict which requires additional skepticism.

9. Based upon information and belief, Plaintiff alleges that, according to the terms of the Plans, if Plaintiff became disabled, LINA promised to waive life insurance premiums and pay disability benefits as follows:

- <u>Long-Term Disability</u>:
  - Elimination Period: 180 days
  - Gross Disability Benefit:
    - The lesser of 60% of your monthly Covered Earnings rounded to the nearest dollar or your Maximum Disability Benefit.
  - Maximum Disability Benefit: $10,000 per month
  - Minimum Disability Benefit: $100 per month
  - Maximum Benefit Period: Plaintiff's Social Security Normal Retirement Age of 66 years and 4 months.
  - Definition of Disability/Disabled:
    - You are considered Disabled if, solely because of Injury or Sickness, you are either:
      - 1. unable to perform the material duties of your Regular Occupation; or
      - 2. unable to earn 80% or more of your Indexed Earnings from working in your Regular Occupation.
    - After Disability Benefits have been payable for 24 months, you are considered Disabled if, solely due to Injury or Sickness, you are either:
      - 1. unable to perform the material duties of any occupation for which you are, or may reasonably

become, qualified based on education, training or experience; or

- 2. unable to earn 60% or more of your Indexed Earnings.

- <u>Life Waiver of Premium</u>:
    - Definition of Disability/Disabled:
        - Disability/Disabled means because of Injury or Sickness an Employee is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training, or experience.

10. Prior to his disability under the terms of the Plan, Plaintiff was working for Massey Services, Inc. as a Pest Control Technician.

11. On or about August 27, 2016, Plaintiff became disabled under the terms of the Plans and timely submitted a claim for Long Term Disability and Life Wavier of Premium benefits.

12. On or about August 29, 2016, Plaintiff presented to his treating orthopedic surgeon with chronic low back pain status post lumbar surgery and spinal stimulator placement.

13. On or about November 17, 2016, Plaintiff presented to his treating neurosurgeon. Imaging studies of his lumbar spine were reviewed which demonstrated severe facet arthropathy at L3-4 with the L4 pedicle screw abutting the L3-L4 facet articulation.

14. On or about December 02, 2016, Plaintiff presented to his treating orthopaedic surgeon with complaints of recurrent effusions status post right total elbow replacement, and it was recommended that he not use his right arm to lift more than 10 pounds.

15. On or about December 23, 2016, Plaintiff was awarded Social Security Disability benefits beginning in February 2017.

16. On or about January 10, 2017, Defendant LINA approved Plaintiff's claim

for Long Term Disability benefits.

17. On or about April 20, 2017, Defendant LINA approved Plaintiff's claim for Life Waiver of Premium benefits.

18. On or about June 21, 2017, Plaintiff presented to his treating nurse practitioner with continued low back pain and right elbow pain. Tenderness to palpation and decreased range of motion were noted on exam.

19. On or about August 18, 2017, Defendant LINA denied Plaintiff's Life Waiver of Premium claim.

20. On or about October 24, 2017, Plaintiff presented to his treating provider for progressively worsening low back pain radiating down his bilateral lower extremities. Lumbar radiculopathy was diagnosed and a CT of his lumbar spine was ordered.

21. On or about December 08, 2017, Plaintiff underwent a CT of his lumbar spine which showed compression of the thecal sac at L3-L4 and moderate bilateral neural foraminal narrowing due to disc bulging.

22. On or about January 15, 2018, Plaintiff presented to his treating neurosurgeon with ongoing low back pain and lumbar radiculopathy. Tenderness over the axial spine was noted on exam and he was fitted with an LSO brace.

23. On or about February 08, 2018, Defendant LINA denied Plaintiff's Long Term Disability claim for benefits.

24. On or about February 12, 2018, Plaintiff requested a review of the denial of both his Long Term Disability and Life Wavier of Premium claims.

25. On or about February 14, 2018, Plaintiff's primary care physician wrote a letter to Defendant LINA outlining his support of Plaintiff's disability.

26. On or about March 01, 2018, Defendant LINA denied Plaintiff's appeal of his claims.

27. On or about March 12, 2018, Plaintiff presented to his treating neurosurgeon. Imaging studies of his lumbar spine were reviewed which showed lateral recess stenosis and central stenosis. Restrictions were given of ". . . no lifting, bending,

twisting or any ladder climbing. No long-term sitting and no standing on hard surfaces for any length of time" and unable to return to work.

28. On or about March 29, 2018, Plaintiff requested a second appeal review of the denial of both his Long Term Disability and Life Wavier of Premium claims.

29. On or about April 30, 2018, Defendant LINA denied Plaintiff's second appeal of his claims and advised the administrative remedies had been exhausted.

30. Based upon the substantial medical evidence in the possession of LINA at the time of denial, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plans and contrary to law. Further, LINA's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

31. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone*, 489 U.S., at 113 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B).

32. As a direct and proximate result of LINA's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits beginning on or about February 09, 2018 to the present date and life insurance benefits beginning on or about August 18, 2017 to the present date.

33. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid

by defendants pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

34. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plans. Plaintiff seeks the declaration of this Court that he meets the Plans' respective definitions of disability and consequently he is entitled to all benefits from the Plans to which he might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the beginning of his claim to present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plans.

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about February 09, 2018, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid plus all other benefits from the Plans to which he might be entitled while receiving disability benefits, including, but not limited to, a waiver of his life insurance premiums, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plans;

2. An order determining Plaintiff is entitled to future disability payments/benefits so long as he remains disabled as defined in the Plans;

3. For reasonable attorney fees incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: October 5, 2018

DarrasLaw

_____
PHILLIP S. BATHER
Attorney for Plaintiff
JAMES THOMPSON